ELI F. LITTLEFIELD *vs.* INHABITANTS OF GREENFIELD.

Penobscot. Opinion January 18, 1879.

*Town. Action. Balance of judgment. Assessment. Remedy, choice of. Scire facias. Debt.*

An action will lie against a town to recover a balance due on a judgment, even though a portion of it has been paid by individuals under an assessment made in accordance with the act of 1858, c. 53.

The remedy by *scire facias* provided in R. S., c. 82, § 128, is permissive by its terms, and leaves it optional with the creditor to pursue the remedy there provided, or by action of debt.

ON FACTS STATED.

DEBT ON JUDGMENT.

At the January term of this court, 1868, the plaintiff recovered judgment against the defendants for $639 damage and $27.94 costs of suit.

On this judgment an alias execution was issued in May, 1868, and put into the hands of G. S. Bean, an officer, who imme-diately notified the assessors of the town of Greenfield thereof, who forthwith after said notice assessed the same, together with the officer's fees, on the inhabitants and estates within the town.

The defendants can prove by parol, if the testimony is admissi-ble, that immediately after the assessment, the assessors gave notice of the same in the manner in which town meetings for said town are notified, specifying in the notice the amount of the execution, and the fact that it had been assessed, and the several amounts assessed upon the several inhabitants, and non-resident property;

that the municipal officers of the town have made diligent search for said notice and cannot find the same or any record thereof.

On June 1, 1868, the assessors delivered to Bean a certificate by them signed of the assessment and notice.

After the notice, divers persons, then and now inhabitants of the town, and divers other persons, then and now proprietors of lands therein, and whose names are mentioned in the list of the assessment and also in the return of Bean on the execution, respectively paid to Bean the several sums and amounts assessed upon them in the list as their due proportion of the execution and fees thereon, as appears by said officer's return ; and receipts were severally given the persons paying as aforesaid in the form following :

" $12.32. Received of James Doyle twelve and 32-100 dollars on Ex'on E. F. Littlefield vs. Inhabitants of Greenfield, Penobscot ss., January term, 1868, amount of assessment as per certificate of assessors. June 4, 1868. G. S. Bean, Dep. Sh'ff."

The whole amount thus collected and received was $360.85, and on June 6, 1868, said Bean returned the execution, as satisfied in part, to the clerk of this court.

On June 9, 1868, a pluries execution was issued for the balance then due, to wit, $318.14, and placed it on the same day in the hands of the same officer, who thereafterwards collected from a part of the remaining inhabitants of the town and proprietors of lands therein, who had been assessed, the amounts and sums assessed against them respectively, aggregating in all the further sum of $269.78. And on September 8, 1868, said Bean returned the execution satisfied in part for the amounts aforesaid. A portion of the judgment is now unsatisfied.

If, upon the foregoing facts, this action can be maintained, the defendants are to be defaulted; if not, the plaintiff is to be non-suit.

*F. A. Wilson & C. F. Woodard,* for the plaintiff.

*G. P. Sewall & J. A. Blanchard,* for the defendants, contended that, the plaintiff had mistaken his remedy, which should have been " *scire facias,*" under R. S., c. 82, § 128, and not " debt."

II. That each person and piece of property that has paid his or its proportion of the assessment at any time is discharged, and this, even if such property is now held by persons who have not so paid.

III. That the requisites of the law of 1858 have been complied with, and that all such persons and property as paid on or before June 10 are discharged.

IV. That, to protect the rights of such persons and property, this judgment should be limited so as to run only against those inhabitants and pieces of property as have not paid their respective proportions within the proper time or under such circumstances as the court shall determine to have been properly paid.

*Wilson & Woodard* in reply.

This remedy of debt on the judgment is at common law. R. S., c. 82, § 128, is only cumulative and permissive by its own terms.

DANFORTH, J. At the time the judgment in suit was recovered, the act of 1858, c. 53, was in force, and under that law certain proceedings, intended to be in compliance with its provisions, were had, and a part of this debt collected from individuals then assessed. It is now claimed that such individuals, or a portion of them, are exempt from further payments. Whether they are so or otherwise is a question not involved in this case. For the balance due on the judgment remains in full force. That an action of debt will lie in such case is too well established to admit of a doubt. It is true that, under R. S., c. 82, § 128, *scire facias* may be maintained. But this is not imperative. It is, by the language used, left optional with the creditor. Were it otherwise, no other remedy, when the time within which an execution might issue had elapsed, except *scire facias*, would be left for any judgment creditor, for the provisions of the section apply to all judgments alike.

Nor can there be any difference in the result whether the one remedy or the other is chosen. In either case, the execution must issue for the balance due, without any designation of the several sums paid or by whom paid.

The remedy which any person who has paid has, if any, comes only after an attempt to collect of him again, and as this second judgment is founded upon the same original debt, the exemption from further payment applies to that the same as to the first.

The defendants' argument rests upon an erroneous basis. The judgment, though nominally against the inhabitants, is really against the town as a corporation. The town, as such, is the only party defendant. None of the several inhabitants are named, therefore none are parties. The right to levy upon them or their estates does not accrue by virtue of their being parties to the suit, but is given by statute, as members of the corporation, and can only be enforced in accordance with the provisions of the statute. It comes after the judgment and pertains to its collection only.

The question involved in this suit is the amount due from the town. If any individuals, members of the corporation, are exempt from liability, by virtue of a compliance with any provisions of law, they can avail themselves of that exemption under an execution issued upon a new judgment, as well as under one issued on a *scire facias* upon the old one.

> *Defendants defaulted for the amount due upon the judgment sued.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.